IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **JAMES DALE AGAN**, ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | 4:12-cv-2409-KOB |
| ] | |
| **MICHAEL J. ASTRUE, Commissioner** ] | |
| **of Social Security,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on the "Commissioner's Motion to Dismiss Plaintiff's Complaint." (Doc. 6). In his complaint, Plaintiff James Agan seeks review by the Commissioner of the Social Security Administration's denial of benefits. (Doc. 1). The Commissioner argues that Plaintiff Mr. Agan's complaint should be dismissed as untimely. The court issued an order setting a briefing schedule for the motion to dismiss (doc. 7), but Mr. Agan did not respond to the motion.

Under 42 U.S.C. § 405(g),

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The date of "mailing" in the statute has been interpreted to mean the date of the claimant's receipt of the Appeals Council's "notice of denial of request for review of the administrative law judge's decision." 20 C.F.R. § 422.210(c) (2011). The date of receipt of

1

notice of the Appeals Council's decision is presumed to be five days after the date of the Council's notice to the claimant. *Id.* In plain English, the claimant has sixty-five days after the date of the Councils' notice in which to file a civil action with the district court to review the decision, and any complaint filed after sixty-five days is untimely.

Here, the Appeals Council issued a notice denying Mr. Agan's request for review on May 1, 2012. (Doc. 6-1, at 17). This notice included sections entitled "How to File a Civil Action" and "Time to File a Civil Action" that specifically stated Mr. Agan had sixty-five days from the date of the notice to file his complaint in district court. *Id.* at 18. The notice also informed Mr. Agan that if he could not file his complaint within sixty-five days, he could make a written request for an extension of time to the Appeals Council. *Id.*

The motion to dismiss contains the declaration under penalty of perjury of Patrick J. Herbst, Chief of Court Case Preparation and Review Officer of the Social Security Administration, who asserts that neither Mr. Agan nor his counsel requested the Appeals Council extend the time in which to file a civil complaint. (Doc. 6-1, at ¶ 3(b)). Mr. Agan filed his complaint with this court on July 9, 2012. (Doc. 1). The last day for Mr. Agan to file an action challenging the denial of benefits was Thursday, July 5, 2012. Therefore, his complaint was untimely.

"The 60 day period for filing a civil action is not jurisdictional, but is a period of limitation which may be subject to equitable tolling." *Turner v. Astrue*, 2008 WL 4793643, *2 (N.D. Fla. 2008) (citing *Bowen v. City of New York,* 476 U.S. 467 (1986)). "[T]raditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir 2007). Mr.

Agan has not shown any reason why this court should toll the sixty day limitations period, and, in fact, has not responded to the motion to dismiss at all.

Because Mr. Agan's complaint was untimely and because he has presented no basis for equitable tolling, the court GRANTS the Commissioner's motion to dismiss and DISMISSES WITHOUT PREJUDICE Mr. Agan's complaint.

DONE and ORDERED this 3rd day of January, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE